IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.: WDQ-08-0086 |
| STEVE WILLOCK, *et al*. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On April 1, 2010, Defendant Michelle Hebron pled guilty to Conspiracy to Participate in a Racketeering Enterprise. In four letters to the Court and at sentencing, Hebron moved to withdraw the plea. For the following reasons, her motion was denied.

I. Background

The following facts were agreed to by Hebron and included as Attachment A to the April 1, 2010 Plea Agreement. Paper No. 920. Hebron was a member of the Tree Top Pirus ("TTP") set of the Bloods gang. TTP originated in Compton, California, and gradually spread across the country. Under the leadership of Steve Willock--who was imprisoned in Hagerstown, Maryland--the gang grew, mostly within the state prison system. TTP members in Maryland adopted the rules, protocols and practices of the California set, including identification with the color red and a long-term, often violent rivalry with the Crips gang, whose signature color is blue.

1

Beginning in late 2006, Hebron was a dues-paying member of TTP. She carried on a lengthy correspondence with Willock, in which she repeatedly affirmed her commitment to him and TTP. In an April 23, 2007 letter, she told Willock "I kill, die, ride, live, and bang for you 110%." Willock expressed his appreciation for Hebron's commitment in a May 2, 2007 letter, in which he wrote that he "looked at [Hebron] as a potential leader of the Pirettes," the female subset of TTP.

On October 5, 2007, David Leonard Moore of Hagerstown, Maryland was murdered in the apartment building where Hebron lived. A witness identified Hebron as the shooter, and told police that Hebron had stated, "That's what the crab gets."[1] A search of Hebron's apartment uncovered the gun that was used in the shooting and a note--in handwriting similar to that used in the letters to Willock--that read, "Red robins flyin round my head nig** going brazy I guess just shot a nig** in the head cause he wear blue but claim red/plus I just wanted the satisfaction of seeing a nig** dead."

On April 1, 2010, Hebron pled guilty, under Fed. R. Crim. P. 11(c)(1)(C), to Conspiracy to Participate in a Racketeering Enterprise in violation of 18 U.S.C. § 1962(d). The plea letter stipulated that a sentence within the range of 300 to 360 months

---

[1] A "crab" is a member of the Crips gang.

was the appropriate disposition of the case. At the rearraignment, Hebron testified that she had reviewed the Plea Agreement with counsel and understood it. Finding that Hebron had knowingly and voluntarily entered the plea with advice of counsel, and that there was a sufficient factual basis for the plea, the Court accepted it, and entered a guilty verdict.

In an April 14, 2010 letter to the Court, Hebron stated that "there ha[d] been a misunderstanding" at the April 1 rearraignment. She explained that her counsel had lied to her about the stipulated sentencing range and that the agreement with which she was presented in Court differed from the one she reviewed upon returning to jail. Hebron maintains that her counsel told her that the sentencing range would be 200 to 260 months, and that the agreement she was shown in Court reflected that range.[2]

Hebron says if she had known that she faced a sentence of 300 to 360 months, she would not have entered the plea. Letters dated April 21 and 26, 2010 raised similar concerns. On June 21, 2010, Hebron conceded that the Plea Agreement stipulated a 300 to 360 month sentencing range, but asked for a lesser sentence in light of the fact that she did not murder David Moore. At the June 23, 2010 sentencing, Hebron again moved to

---

[2] Government Exhibit 1, the plea letter signed by Hebron, in fact states the 300-360 month agreed-upon range. *See* Paper No. 920.

withdraw her plea, but did not explain the basis for her request. The Court denied the motion and sentenced Hebron to 360 months imprisonment.

II. Analysis

A. Motion to Withdraw Guilty Plea

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a guilty plea, if "[she] can show a fair and just reason for requesting the withdrawal." Courts consider six factors in determining whether a defendant has met this burden: "(1) whether the defendant has offered credible evidence that h[er] plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted h[er] legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Although Hebron moved to withdraw the plea only two weeks after entering it, the other factors militate against permitting withdrawal. Hebron has not offered credible evidence that her plea was not knowing and voluntary. She asserts counsel misinformed her about the potential sentence and that she signed an Agreement that set the sentencing range at 200 to 260 months.

4

But these assertions are contradicted by the Agreement itself, which Hebron and her counsel signed, and which states that the stipulated range is 300 to 360 months.

Nor has Hebron credibly asserted her innocence. Her June 21, 2010 letter to the Court neither contradicts the stipulated facts establishing her guilt nor offers evidence supporting her innocence.

Hebron has had the close assistance of competent counsel, who has shown exemplary patience and skill in dealing with her. Hebron acknowledged her satisfaction with counsel's services at the April 1 rearraignment. Permitting withdrawal would prejudice the Government and inconvenience the Court. Hebron was originally scheduled for trial with two other defendants on January 19, 2010. Her last-minute attempt to discharge her counsel resulted in her inclusion in the April 1, 2010 trial group. Hebron's motion to withdraw her guilty plea appears to be another attempt to evade the resolution of her case.

Hebron has not shown a fair and just reason for withdrawing her plea. Accordingly, her motion was denied.

June 28, 2010  _____/s/_____
Date  William D. Quarles, Jr.
United States District Judge