IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE HEBRON, 43396-037             *
      Petitioner,
v.                                                                      *   Civil Action No. WDQ-14-2123
                                                                        Criminal Action No. WDQ-08-86
UNITED STATES OF AMERICA             *
      Respondent.
                                          ****

MEMORANDUM

On June 23, 2010, the court sentenced Michelle Hebron ("Hebron") to a total of 360 months in the Bureau of Prisons on one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). Judgment was entered on June 25, 2010. The criminal judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on August 11, 2011. See *United States v. Hebron*, 442 Fed. Appx. 887 (4th Cir. 2011).

Hebron filed a motion and supplemental motion to vacate in April of 2012.[1] See *United States v. Hebron*, Criminal No. 08-86 (D. Md.) at ECF Nos. 1276 & 1278. Subsequent to briefing, the motion was denied on April 15, 2013. *Id.* at ECF Nos. 1337 & 1338. No appeal was noted.

On July 1, 2014, the court received for filing Hebron's second motion to vacate. See *United States v. Hebron*, Criminal No. 08-86 (D. Md.) at ECF No. 1412. Although the ground raised is fairly illegible, she appears to challenge the calculation and upward departure of her sentence and seeks a reduction and commutation of sentence.[2] *Id.* at pgs. 3 & 10.

---

[1] A writ of coram nobis was also filed by Hebron. See *United States v. Hebron*, Criminal No. 08-86 (D. Md.) at ECF No. 1299.

[2] The original version of the motion has been examined and fails to provide a more legible entry. When the motion is read in its entirety, however, it reveals that Hebron is "refiling" her ground for plea withdrawal. Issues associated with the voluntariness of the plea were addressed on direct appeal and in Hebron's first motion to vacate.

This recent motion is undoubtedly a successive § 2255 challenge to Hebron's sentence and may not be considered absent leave to do so from the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

There is no showing Hebron has filed for and received certification from the Fourth Circuit. Consequently, this court may not consider the merits of her claim.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for filing a motion to obtain an authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk will provide Hebron a packet of Fourth Circuit instructions which address the comprehensive procedure to be followed should the petitioner seek authorization to file a successive petition. It is emphasized that Hebron must file her pleading with the Fourth Circuit Court of Appeals and obtain authorization to file her successive petition before this court may examine her claims.

Hebron has no absolute entitlement to appeal the denial of her § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Hebron "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell,* 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983). The court declines to issue a certificate of appealability because Hebron has not made the requisite showing. A separate Order follows.

Date: __7/10/14__

William D. Quarles, Jr.
United States District Judge

3